**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gonzales, | No. CIV 04-1264-PHX-SMM (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Phoenix Police Department; et al., | |
| Defendants. | |

Pending before the court is a motion to amend the complaint filed by the plaintiff, Gonzales, on June 9, 2006. [doc. # 48] The defendants, Norton, Trynosky, and Latham, filed a response opposing the motion, and the plaintiff filed a reply.

The plaintiff brings an action pursuant to 28 U.S.C. § 1983 claiming his civil rights were violated when the defendants employed excessive force during his arrest and failed to provide prompt medical attention. He moves that this court allow him to amend his complaint to add three new defendants, "Lieutenant John Collins, Sergeant First Name Unknown "FNU" Tassin and Lieutenant FNU Spalla"– supervising police officers who were present at the arrest.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

The motion will be denied. The motion is not timely, and Gonzales has not shown due diligence. In addition, the amendment would be futile – the statute of limitations has run out.

Background

On June 17, 2004, the plaintiff, Gonzales, filed a pro se complaint in this court claiming his civil rights had been violated. On August 23, 2004, he filed an amended complaint. This court screened the amended complaint and dismissed it with leave to amend.

On October 7, 2004, Gonzales filed a second amended complaint claiming the defendants, Norton, Trynosky, and Latham, employed excessive force during his arrest and failed to provide prompt medical attention. He further alleged certain unnamed supervisors failed to respond appropriately once they arrived on the scene.

This court screened the second amended complaint and ordered service on the defendants, Norton, Trynosky, and Latham. The court informed Gonzales that he may not proceed against unnamed parties, but it noted "Plaintiff may amend his action once he learns the names of the involved officials."

The defendants, Norton, Trynosky, and Latham, filed an answer on September 29, 2005. The court issued a scheduling order on October 4, 2005. The deadline to join additional parties or amend the pleadings was set for February 14, 2006.

On November 30, 2005, attorney David DeLozier filed a notice of appearance on behalf of the plaintiff, Gonzales. The parties filed a motion to reset the discovery deadlines which the court granted. The deadline to join additional parties or amend the pleadings was reset for March 15, 2006.

On March 15, 2006, Gonzales filed a motion to amend count two of the complaint and add three additional defendants, Lieutenant John Collins, Sergeant First Name Unknown "FNU" Tassin and Lieutenant FNU Spalla. In his motion, he alleged these additional defendants failed to secure prompt medical attention and failed to adequately supervise the arresting officers, Norton, Trynosky and Latham.

The defendants opposed the motion because, among other things, it failed to comply with Local Rule of Civil Procedure 15 (LRCiv. 15) which requires the moving party to attach to the motion a copy of the proposed amended pleading indicating in what respects it differs from the original. Gonzales did not address this issue in his reply. He did not supplement his motion to bring it in accordance with the Local Rule. On April 28, 2006, the court denied the motion without prejudice for failing to comply with the Local Rule.

On June 9, 2006, Gonzales filed the instant motion to amend the complaint. He moves that this court allow him to amend counts one and two and add three new defendants, Lieutenant John Collins, Sergeant First Name Unknown "FNU" Tassin and Lieutenant FNU Spalla.

The defendants filed a response in which they argue the motion is untimely because it was filed after the deadline for amending the pleadings. In the alternative, they argue the motion should be denied because it would be futile – the statute of limitations has run out.

In his reply, Gonzalez argues his motion would not be futile and any delay in filing the motion should be excused.

Discussion

Gonzales argues he should be permitted to amend his complaint pursuant to Rule 15.[1] According to the rule, "[o]nce a responsive pleading has been filed, as is the case here, 'a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.1991) (quoting FED.R.CIV.P. 15(a)).

In this case, however, Gonzales seeks to amend his complaint after the deadline for amending the pleadings. A party seeking to file an amended complaint after the deadline

---

[1] In the motion's introductory paragraph, Gonzales states he is moving to amend "pursuant to Rule 15, Federal Rules of Civil Procedure, and Rule 20, Federal Rules of Civil Procedure." He does not, however, discuss Rule 20 in the body of the motion. Accordingly, the court assumes this motion is predicated only on Rule 15.

- 3 -

1 imposed by the court's scheduling order must comply with Rule 16(b), not the more liberal
2 standard of Rule 15(a). *Coleman v. Quaker Oats*, 232 F.3d 1271, 1294-95 (9th Cir. 2000),
3 *cert. denied*, 533 U.S. 950 (2001); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
4 607-08 (9th Cir. 1992). The party is effectively moving to modify the deadline as well as
5 moving to amend the pleading.

6       A court's scheduling order "shall not be modified except upon a showing of good
7 cause." FED.R.CIV.P. 16(b). The good cause standard focuses primarily on the diligence of
8 the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609
9 (9th Cir.1992). "Although the existence or degree of prejudice to the party opposing the
10 modification might supply additional reasons to deny a motion, the focus of the inquiry is
11 upon the moving party's reasons for seeking a modification." *Id.* "If that party was not
12 diligent, the inquiry should end." *Id.*

13       In his reply, Gonzales argues he acted reasonably and in good faith. He explains his
14 ability to conduct discovery was hampered by the fact that he was incarcerated without legal
15 resources. (Plaintiff's reply, pp. 3-5.) This may be true, but he retained able counsel by
16 November 30, 2005. He does not explain why, with the exercise of due diligence, he was
17 unable to file the instant motion in the three and one-half months remaining prior to the
18 deadline of March 15, 2006.

19       Gonzales explains his counsel had a three week civil trial in May of 2006, and
20 experienced "a sudden illness and hospitalization of an associate, the maternity leave of
21 another associate, and family emergencies of various members of counsel's staff that
22 depleted the staff and resources counsel had available. . . ." *Id.*, p. 8. He was therefore
23 unable to file the instant motion immediately after his prior motion to amend was denied on
24 April 28, 2006. These difficulties, however, occurred after the deadline of March 15th. They
25 shed no light on Gonzales' diligence prior to this date. The motion is not timely, and
26 Gonzales has not shown due diligence. The motion therefore will be denied.

27       In the alternative, the motion will be denied because his amendment would be futile.
28 The statute of limitations has run against these defendants.

- 4 -

The statute of limitations for an action brought pursuant to 28 U.S.C. § 1983 in Arizona is two years. *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999); *Madden-Tyler v. Maricopa County*, 189 Ariz. 462, 466, 943 P.2d 822, 826 (App. 1997). Gonzales states in his proposed amended complaint that the arrest occurred in March of 2004. He filed the instant motion to amend on June 9, 2006, more than two years after the incident. Even if the motion is granted and the amended complaint is constructively filed on June 9, 2006, his proposed action against the new defendants falls outside the statute of limitations.

Gonzales argues his original motion to amend filed on March 15, 2006, was timely and the statute of limitations should be tolled during the period of time the court was considering that motion. Gonzales does not cite any case law for this proposition, and the court has found nothing to support it. The court concludes there was no tolling of the limitations period while the court decided Gonzales' first motion to amend. Moreover, assuming he is correct, this tolling extends only until April 28, 2006, when the court denied the motion. The instant motion was filed on June 9, 2006, more than one month later. This month puts the instant motion beyond the limitations period.

Gonzales further argues his counsel experienced a sudden illness and staff difficulties during the month of May which caused unavoidable delay. This may be so, but Gonzales has not directed the court to any cases, and the court has found none, that tolled the statute of limitations under similar circumstances. The court finds counsel's illness and staffing difficulties did not toll the statute of limitations.

Gonzales further argues the limitations period is subject to equitable tolling citing *Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403, 405, 949 P.2d 63, 65 (App. 1997). In *Kyles*, the Arizona Court of Appeals applied equitable tolling where "the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing." Here, however, there is no evidence the plaintiff was ignorant of the limitations period. Equitable tolling does not apply.

The proposed amendment will not be timely unless it relates back to the instant complaint, Gonzales' second amended complaint filed on October 7, 2004. Relation back

- 5 -

is allowed pursuant to FED.R.CIV.P. 15 under certain circumstance. The rule reads in pertinent part as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Federal Rules of Civil Procedure Rule 15(c).

Where the plaintiff seeks to add a new defendant, Rule 15(c)(3) permits relation back if (1) the claim arises out of the same incident related in the original pleading, (2) the new defendant has notice and (3) the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED.R.CIV.P.

In the instant case, Gonzales cannot show the new defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED.R.CIV.P. 15(c)(3)(B). He did not include these officers in his second amended complaint because he did know their names at that time. This is not a "mistake" for the purposes of the rule. *Barrow v. Wethersfield Police Department,* 66 F.3d 466, 470 (2nd Cir. 1995), modified by, 74 F.3d 1366 (1996); *Jacobson v. Osborne*, 133 F.3d 315 (5th Cir. 1998); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821 (1996); *Baskin v. City of Des Plaines*, 138 F.3d 701 (7th Cir. 1998); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), *cert. denied*, 529 U.S. 115 (2000), overruled on other grounds, *Manders v. Lee*, 338 F.3d

1304, 1328 n. 52 (11th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004);  *See also* Fed.R.Civ.P. 15(c)(3), Advisory Committee Notes to 1991 amendment;  *But see Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 201 n. 4 (3rd Cir. 2001); *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 857 (D.Ariz. 1999) (Mistake requirement "may be satisfied when the plaintiff was unaware of the new defendant's identity at the time the complaint was filed and learns the identity of the new defendant only after the statute of limitations has expired because the named defendant failed to provide the information sooner.").  Relation back is not allowed by Rule 15(c)(3).

Relation back would also apply if it were permitted by Arizona state law. *See* Rule 15(c)(1).  Arizona's relation back rule, however, mirrors the federal rule. *See* Ariz.R.Civ.P. 15(c). Nothing in the case law indicates the Arizona state courts would interpret the phrase, "knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," in a more liberal way than the federal courts. *See Services Holding Co., Inc. v. Transamerica Occidental Life Ins. Co.*, 180 Ariz. 198, 209, 883 P.2d 435, 446 (App. 1994) (Defendants added to replace fictitious defendants are not left out due to a mistake.).

The proposed action against the new defendants is time-barred.  The proposed amendment of the complaint would be futile.  Accordingly,

IT IS ORDERED that the motion to amend the complaint filed by the plaintiff, Gonzales, on June 9, 2006, is DENIED.  [doc. # 48]

DATED this 19th day of July, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge